## THE PEOPLE OF THE STATE OF NEW YORK v. PATRICK McDONALD.

*Game laws — right of the district attorney to bring an action to recover a penalty for a violation of such laws in a county adjoining his own — 1883, chap. 317, sec. 1.*

Under the provisions contained in section 1 of chapter 317 of 1883, an action to recover the penalties imposed for a violation of the game laws may, upon the request of a game protector, be brought by any district attorney where the offense was committed in his county, or in an adjoining county. (LEARNED, P. J., dissenting.)

The question as to whether any district attorney could begin such an action in any county except his own, or for penalties incurred in other than his own or an adjoining county, not decided.

APPEAL from an order of a Special Term entered in Saratoga county denying a motion to dismiss the complaint.

The action was brought to recover certain penalties under the game laws. The defendant is charged with having had on the 20th of April, 1886, in his possession in Saratoga county certain speckled trout, after they had been caught, contrary to section 19 of chapter 534 of the Laws of 1879 as amended by section 1 of chapter 124 of the Laws of 1886. The action was commenced by the district attorney of the county of Fulton, which county adjoins Saratoga county, and the place of trial was laid in Fulton county. The action was commenced upon the request of the game protector of the eighth game district.

The motion to dismiss was made upon the ground that the district attorney of Fulton county was not authorized to bring the action for a penalty incurred in Saratoga county.

*Charles C. Lester*, for the appellant.

*C. M. Parke*, for the respondent.

LANDON, J.:

Section 19 of chapter 534 of the Laws of 1879, as amended by chapter 124, Laws of 1886, provides that no person shall have in his possession after the same has been caught, any speckled trout, save from May first to September first in each year, except in certain counties, among which Saratoga and Fulton are not included.

Any person violating this provision is liable to a penalty of twenty-five dollars for every such trout so had in his possession.

Chapter 317 of the Laws of 1883, section 1, authorizes the appointment of game protectors, whose duty it is, among other things, to bring or cause to be brought, actions in the name of the people to recover these penalties. It further provides, " such actions may be brought in the name of the people in like cases, in the same courts, and under the same circumstances as they might now, or may hereafter be brought by any individual, under or by virtue of any existing or hereafter enacted statutes for the protection of deer, game and fish, or any of them. * * * The district attorney of *any* county of this State shall, upon the request of any one of such protectors, commence and prosecute to termination, in the name of

the people, actions and proceedings against any person reported to him by such protector to have violated any such statute or laws, for the recovery of the penalty for violation thereof." Section 33 of chapter 534, Laws of 1879, provides that " all penalties imposed by this act may be recovered with costs of suit by any person in his own name, ' * * * before any justice of the peace in the county where the offense was committed, or in an adjoining county, when the amount does not exceed the jurisdiction of such justice. * * * And such penalties may be recovered in like manner in any court of record in the State."

It thus appears that the penalty may be recovered in an action brought in the name of the people by any district attorney, upon the request of the game protector in the county where the offense was committed, or in an adjoining county, either before a justice of the peace, when the amount does not exceed his jurisdiction, or in any court of record. (See *Leonard* v. *Ehrich*, 40 Hun, 460.)

The argument of the learned counsel for the appellant is to the effect that the district attorney is by statute the prosecuting officer for offenses committed and penalties incurred within his own county. However true that may be, as a general rule, it will be seen (chap. 317, § 4, Laws of 1883), that for the preservation of game, the State is to be divided into protection districts, and the district attorney of any county may become a prosecuting attorney at the request of the game protector for the district.

It was competent for the legislature to impose the duty upon existing county officers. Whether any district attorney could begin such an action in any county except his own, or for penalties incurred in other than his own or an adjoining county, we are not now called upon to decide.

Order affirmed with ten dollars costs and printing disbursements.

MAYHAM, J., concurs and adds :

By section 33 of chapter 534, Laws of 1879, actions for penalties under that act may be prosecuted before a justice of the peace of the county where the offense was committed or in an adjoining county, when the amount does not exceed the jurisdiction of a justice and when it exceeds in amount the jurisdiction of a justice * * * such penalties may be recovered *in like manner* in any

court of record of this State  *  *  *  and it shall be the duty of ANY *district attorney* in this State, and he is hereby required to prosecute or commence actions in the name of the people for the recovery of the penalties allowed hereby. This language, it seems to me, is too broad to be restricted to prosecutions by district attorneys in their own counties; but extends their authority to prosecute to adjoining counties; whether beyond that, is not necessary to inquire in this case.

LEARNED, P. J. (dissenting):

The question here arises on the construction of chapter 317, Laws of 1883, which, in the respect in question, is like chapter 591, Laws of 1880. Section 1 says: " The district attorney of any county of this State shall, upon the request of any one of such protectors, commence and prosecute to termination, in the name of the people, actions and proceedings against any person reported," etc. " All money necessary for witnesses' fees  *  *  *  shall  *  *  *  be advanced by, and all money, except costs  *  *  *  recovered, *  *  *  shall be paid to the treasurer of the county in which the actions  *  *  *  shall have been commenced."

The question is, whether this means that the district attorney of every county in the State may commence an action for violations occurring in every other county, in which he is requested by a game protector to bring such an action; or does it mean that every district attorney must, on request, bring such an action for violations occurring in his own county? The plaintiff insists on the former; the defendant on the latter. Either is possible, and we must judge which is intended from other things than the mere words in this statute. There is no doubt that the district attorney is a county officer; that he is to reside in his county; that his salary is paid by the county; that he is to attend the courts of his county, and specially that he is to prosecute for penalties incurred in his county. (1 R. S., m. p. 383, § 91.) When his salary is fixed, he is to pay to the county treasurer of his county all moneys received for judgments, fees and costs. (Laws 1852, chap. 304, § 6; see, also, Code Civil Pro., § 1968.) It is plain that the general scope of the duties of district attorneys is confined to their counties, and the moneys collected by them go to the county treasurers of their respective counties.

Now, if we take this general system and apply it to the construction of this statute, we shall find everything harmonious. It will be the duty of each district attorney, on the request of a game protector, to prosecute and recover penalties for violations of the game laws which have occurred within his county. If chapter 317, Laws of 1883, gives him the right to bring an action in the name of the people for these penalties in an adjoining county to that in which the violation occurred, then he may prosecute within his own or an adjoining county (I do not understand that this was necessarily decided in *Leonard* v. *Ehrich*, 40 Hun, 460) but he can go no further. The special authority (if it be given) to prosecute in an adjoining county to that where the offense is committed does not make him the prosecuting officer for offenses committed in all parts of the State. If the plaintiff's construction is right, then the district attorney of (say) Fulton county may commence suits in the name of the people in the city of New York, to collect penalties for violations of the game laws committed in that city; and, on his mere requisition, the county treasurer of that county (the chamberlain) must advance all money necessary for witnesses' fees and disbursements. Now, I cannot think that a construction is correct which permits the prosecuting officer of one county thus to take on himself the enforcement of the law for offenses committed in another county, and to call on the treasurer of such other county for all the money he may deem necessary for witnesses' fees and disbursements. Suppose the language of the statute had been, " district attorneys shall upon the request," etc., it would have been understood that the duty, of each was limited to offenses within his own county. I think the words used have the same meaning. If the meaning was intended which the plaintiff takes, then the language would have been more explicit; and it would have said that any district attorney might prosecute for violations committed in his own or in any other county of the State. A provision so contrary to the general scope of our legal system would have been unmistakably expressed.

I think, therefore, that the order should be reversed and motion granted. (*Comr. Excise* v. *Purdy*, 13 Abb., 434; *Town of Lyons* v. *Cole*, 3 T. & C., 431.)

Order affirmed, with ten dollars costs and printing disbursements.